**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **STARR T. GREGORY,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil No. SAG-25-4169** |
| **DAVID P. STEINER,** | * | |
| **Defendant.** | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff Starr T. Gregory ("Plaintiff"), who is self-represented, filed an Amended Complaint against her former employer, David P. Steiner, the Postmaster General of the United States Postal Service ("USPS"), in his official capacity ("Defendant"). ECF 7-1. Plaintiff's Amended Complaint asserts causes of action for Title VII retaliation, hostile work environment, and "coercion/procedural irregularities." *Id.* Defendant filed a Motion to Dismiss or for Summary Judgment along with various exhibits and a corrected memorandum of law in support. ECF 20. Plaintiff opposed the motion. ECF 22. This Court then asked Plaintiff for additional information about her earlier filings with the EEOC. ECF 23. Plaintiff filed supplemental information, ECF 24, Defendant responded, ECF 30, and Plaintiff filed a reply, ECF 31. This Court has reviewed the motion and all of the related filings. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Defendant's motion to dismiss will be GRANTED, and Plaintiff's Amended Complaint will be dismissed with prejudice as time-barred.

## I. FACTUAL BACKGROUND

The following facts are derived from Plaintiff's Amended Complaint, ECF 7-1, and are assumed to be true for purposes of this motion. Beginning in 2013, Plaintiff worked as a mail handler for USPS in its downtown Baltimore facility. *Id.* ¶ 5. In 2021, Plaintiff's coworkers and supervisors began to harass her by engaging in "ongoing harassment, disparate treatment, and retaliation." *Id.* ¶ 9. Plaintiff reported these incidents to management, union representatives, and EEO representatives. *Id.* ¶ 10.

In particular, in early 2023, after Plaintiff reported a male co-worker for "bypassing bidding rules and receiving preferential treatment," management increased scrutiny of Plaintiff and attempted to prevent her from performing her assigned tasks. *Id.* ¶ 15. The latest discrete act alleged happened in November, 2023, when "Plaintiff received a Proposed Disciplinary Infraction (PDI) for minor alleged offenses that were retaliatory and inconsistent with treatment of other employees." *Id.* ¶ 21. Plaintiff also alleges that from April 2023 through 2025, she received "no meaningful resolution regarding her employment status" and "[a]ttempts to resolve issues through local and national union leadership were met with hostility and inaction." *Id.* ¶ 22.

Because Defendant sought dismissal based on a failure to exhaust administrative remedies, this Court asked Plaintiff for supplemental evidence regarding her EEO activity. ECF 23. In her supplemental filing, Plaintiff sets forth evidence of three EEO pre-complaints she initiated in 2023 and her email communications with the EEO specialist in December 2023. ECF 24.

## II. LEGAL STANDARD

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a

defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555.

Because Plaintiff is self-represented, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring in judgment); *Weller*

*v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because she is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).[1]

## III. ANALYSIS

The Fourth Circuit has clearly stated that before filing a Title VII suit, a plaintiff must exhaust administrative remedies by filing a charge with the U.S. Equal Employment Opportunity Commission ("EEOC"). *See Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022). Administrative exhaustion is designed to facilitate the twin goals of "protecting agency authority in the administrative process and promoting efficiency in the resolution of claims." *Stewart v. Iancu*, 912 F.3d 693, 699 (4th Cir. 2019) (internal quotation marks and alterations omitted); *see also Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406–07 (4th Cir. 2013). Although administrative exhaustion is not jurisdictional, "a rule may be mandatory without being jurisdictional, and Title VII's charge-filing requirement fits that bill." *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 552 (2019). Thus, if administrative exhaustion is raised and its assertion is meritorious, dismissal may be warranted under Rule 12(b)(6). *See Kenion v. Skanska USA Bldg., Inc.*, Civ. No. RDB-18-3344, 2019 WL 4393296, at *4 (D. Md. Sept. 13, 2019) (discussing *Davis*).

---

[1] Defendant captioned its motion as a motion to dismiss or for summary judgment and attached an exhibit to the filing, namely the administrative record from Plaintiff's 2025 EEOC proceeding. ECF 20-2. Because that EEO complaint is referenced in and integral to the Amended Complaint, this Court may consider that record without converting this motion to one for summary judgment. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

Federal government employees like Plaintiff "must initiate contact with a Counselor within 45 days of the matter alleged to be discriminatory." *Ragin v. Hegseth*, No. MJM-24-3365, 2026 WL 860525, at *5 (D. Md. Mar. 30, 2026) (citation omitted). A failure to seek EEO counseling about a discrete act of discrimination within that 45-day window requires dismissal of any employment discrimination claim premised on that discrete act. *See id.* And any "discrete acts of discrimination that occurred prior to the applicable limitations period are procedurally barred and cannot be used as a basis for recovery." *Gilliam v. S.C. Dept. of Juv. Just.*, 474 F.3d 134, 139 (4th Cir. 2007). After counseling, "the counselor must issue a written notice of right to file a formal complaint," and the aggrieved party must then file a formal complaint within 15 days of receipt of that notice. 29 C.F.R. § 1614.105(d).

The EEO investigation underlying the instant litigation occurred when Plaintiff initially contacted the EEO office on July 14, 2025. *See* ECF 1-3 (the EEO Opinion Plaintiff attached to her complaint reflecting that contact date). Therefore, any discrete acts of discrimination occurring before May 30, 2025 (45 days earlier) are procedurally barred. The Amended Complaint contains no allegations of any discriminatory or retaliatory acts occurring on or after May 30, 2025.[2] As summarized above, each discrete act occurred, at the latest, in 2023.

[2] This Court requested information about Plaintiff's earlier EEOC contacts and filings, which the parties then provided. ECF 24, 30, 31. Ultimately, however, this Court is not considering those filings in evaluating the instant motion because they are not integral to the Amended Complaint. Even if this Court were to consider the filings, they would not alter the outcome because Plaintiff did not file any formal complaints to exhaust those administrative remedies. "Failure to file the complaint within the fifteen-day period constitutes a failure to exhaust administrative remedies and is grounds for dismissal of the case." *Ringgold v. Napolitano*, Civ. No. CCB-13-210, 2013 WL 4852246, at *3 (D. Md. Sept. 10, 2013); *see also Moret v. Harvey*, 381 F. Supp. 2d 458, 467 (D. Md. 2005) (dismissing for failure to exhaust remedies where the plaintiff "failed to ever file a formal complaint, much less file within the 15-day requirement.").

Plaintiff's opposition to the motion to dismiss disputes the assertion that her first contact with the EEO office was on July 14, 2025. ECF 22. She proffers that she engaged in a number of earlier contacts about the same topics in 2023.[3] *Id.* But those earlier contacts did not proceed through the full administrative process and culminate in a right-to-sue notice permitting this case to be filed timely in 2025. Plaintiff could not, in 2025, reinvigorate those earlier contacts after allowing them to expire without exhaustion when they were originally pursued. Because she did not timely pursue, and exhaust, her administrative remedies within 45 days of the discrete acts she challenges, this case is subject to dismissal.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss or for Summary Judgment, ECF 20, treated as a motion to dismiss, is granted. Plaintiff's claims are dismissed with prejudice as procedurally barred. *See Foy v. Giant Food, Inc.*, 298 F.3d 284, 291 (4th Cir. 2002) (affirming dismissal with prejudice where plaintiff's claims were time-barred). A separate Order follows, which will close this case.

Dated: October 6, 2026

/s/
Stephanie A. Gallagher
United States District Judge

[3] Defendant disputes whether the topics were the same, but this Court need not reach the issue because, regardless of the content of the contacts, Plaintiff did not timely exhaust the claims.